SEOANE, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 275.—Decided May 8, 1916.

AGENT—INCAPACITY—COPARTNERSHIP.—The incapacity of agents referred to in subdivision 2 of section 1362 of the Civil Code includes, among others, managers, administrators or directors of copartnerships.

ID. — ID. — CONVEYANCE — MANAGING PARTNER — ACQUISITION OF PROPERTY BY AGENT—ESTOPPEL—COLLUSION.—Although the vendee appellant in the present case was the manager of the vendor firm at the time it conveyed the property under consideration to the present vendors he was not estopped under subdivision 2 of section 1362 of the Civil Code from acquiring the same later for his own account, because it does not appear that he made the sale as such manager in collusion with the purchasers with the intention of acquiring the same personally later.

ID.—ID.—COLLUSION—PRESUMPTION—NULLITY OF CONTRACT—ACTION.—When the capacity of an agent to acquire for himself the property of his principal does not appear from the document presented in the registry, collusion

between the vendor and the vendee cannot be presumed to vitiate the contract; but that fact must be found by a court of competent jurisdiction in a proper action brought by a party in interest.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public instrument No. 274, executed on October 23, 1915, before Notary Andrés Mena Latorre in the town of Gurabo, the spouses Nicolás Colón and Paula Márquez Rivera sold to Manuel Seoane Sanmartín a house situated on Lago Street of the said town, which house they had acquired from the Sociedad Agrícola de Gurabo by a deed of October 15, 1912. Upon presentation of the said instrument in the Registry of Property of Caguas, the registrar refused to admit the same to record for the reasons stated in the following decision:

"Admission to record of the foregoing instrument, deed No. 274, dated October 23, 1915, and executed before Notary Andrés Mena, in Gurabo, is denied because Manuel Seoane Sanmartín, who acquires the property for himself, was the managing partner of the Sociedad . Agrícola de Gurabo which sold the same to Nicolás Colón who now sells it to Manuel Seoane Sanmartín; and 'agents cannot acquire by purchase, even at public or judicial auction, either in person or by an agent, the property the administration or sale of which may have been entrusted to them.' A cautionary notice of the said conveyance is entered, etc."

From the said decision an appeal was taken to this court by Manuel Seoane Sanmartín, who bases the same on the improper application of subdivision 2 of section 1362 of the Civil Code.

The said section provides that, among others, agents cannot acquire by purchase, even at public or judicial sale, either in person or by an agent, the property the administration or sale of which may have been entrusted to them. In the case

of *Giménez* v. *The Registrar,* 21 P. R. R. 314, we held that the incapacity of the agents referred to in subdivision 2 of section 1362 includes, among others, the managers, directors, or administrators of legal entities (*sociedades*); and this doctrine was ratified in the case of *Turner* v. *Registrar of San Juan,* 22 P. R. R. 535.

Considering the wording of subdivision 2 of section 1362 of the Revised Civil Code, we are of the opinion that although Seoane was the managing partner of the Sociedad Agrícola de Gurabo when he sold the house belonging to said firm to Nicolás Colón and Paula Márquez Rivera on October 15, 1912, he was not incapacitated from purchasing it for himself from the said spouses by the deed of October 23, 1915; for it does not appear that Seoane sold the property as managing partner of the Sociedad Agrícola de Gurabo with the intention of repurchasing the same for himself, or that any conspiracy existed between the spouses Colón-Márquez and Seoane Sanmartín for that purpose.

Our opinion is supported by the decision of the General Directorate of the Registries of Spain of November 13, 1895, which holds that "the incapacity established by the said article (article 1459 of the Spanish Civil Code and §1362 of the Revised Civil Code) with regard to agents, refers only to the acquisition by them in person or through a representative of property with whose administration or sale they may have been entrusted at the time of the sale. If the legislators had intended to impose a prohibition absolute and for all time, they would have used apt words such as extending the prohibition to those who *had been* entrusted with the sale or administration; and the words, 'nor by an agent' are not and cannot be considered sufficient to convert a relative and temporary incapacity into an absolute and indefinite one, or have any other object than to prevent an intermediary from bidding in the property and then assigning his right to the agent entrusted with the sale."

The foregoing decision was cited by this court in the case of *Bengoa* v. *The Registrar of Property,* 14, P. R. R. 105.

In another decision of the General Directorate of Registries of Spain of August 22, 1907, it ratified the doctrine laid down in its decision of November 13, 1895, and added that ''even supposing the necessity of interpreting article 1459 of the Spanish Civil Code ($1362 of the Revised Civil Code) on the ground of its ambiguity, it should be construed strictly, because it treats of a principle which abridges the liberty to contract, and however great the moral force of the reasons adduced by the registrar to show conspiracy between the vendor and vendee, in order to give them legal force they would have to be passed upon by a court in the proper proceeding.''

It should be observed that the instrument whose admission to record was ordered by the decision of August 22, 1907, was for the sale of various properties by Francisco Recarte to José Joaquín Oruezábal, the former having acquired them by purchase from the latter as attorney in fact of Antonio Aguirre, only four days intervening between the two contracts of sale, whereas in the present case more than three years intervened between the sale by Seoane to the spouses Colón-Márquez and the conveyance by the latter to Seoane.

It is immaterial whether Seoane, who was the managing partner of the Sociedad Agrícola de Gurabo when by the deed of October 15, 1912, he conveyed the firm's house to the spouses Nicolás Colón and Paula Márquez, was or was not the managing partner of the same firm when he acquired the property for himself by the deed of October 23, 1915, for on the latter date he was not entrusted with the administration of said house; and if there were conspiracy between the vendor and vendee it cannot be presumed as voiding the contract of bargain and sale made in the deed of October 23, 1915, but the fact of its being null and void would have

to be found by a court of competent jurisdiction in a proper action brought by the real interested party. It would be different if the incapacity resulted from the instrument itself, as in the case of *Giménez* v. *The Registrar of San Juan, supra.*

The decision appealed from is

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.